*Hart v. Progressive N. Ins. Co.*, No. 258-7-12 Bncv (Wesley, J., June 24, 2014).

[The text of this Vermont trial court opinion is unofficial.  It has been reformatted from the original.  The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

# STATE OF VERMONT

SUPERIOR COURT                                                    CIVIL DIVISION
Bennington Unit                                        Docket No. 258-7-12 Bncv

## Hart vs. Progressive Northern Ins. Co.

# ENTRY REGARDING MOTION

Count 1, Insurance (258-7-12 Bncv)

Title:          Motion Renewed in Limine with regard to Dr Herz (Motion 3)
Filer:          Progressive Northern Ins. Co.
Attorney:       Susan J. Flynn
Filed Date:     May 20, 2014

Response filed on 05/28/2014 by Attorney Ronald F. Wright for Plaintiff Henry F. Hart

**The motion is DENIED.**
*Hart v. Progressive Northern Ins.* (258-7-12 Bncv) Renewed motion in limine (MPR 3)

### Decision Denying in Part Defendant's Renewed Motion in Limine
### Except as to Limited Extension for Discovery

Defendant requests the Court exclude Plaintiff's expert witness, or alternatively to order Plaintiff's expert to disclose an expert report. Defendant also seeks an extension of discovery-related deadlines. Plaintiff argues he already made a sufficient disclosure of the basis for Dr. Herzog's opinions.

The Court declines to order Plaintiff to produce an expert report. V.R.C.P. 26(b)(4)(A)(iii) indicates a party is entitled to an expert's final report if it exists. V.R.C.P. 26(b)(4), and the Reporter's Notes to the 2012 Amendment, does not require an expert to generate a report. Our rules are distinctly different from the Federal rules in this respect.  Plaintiff has already made a sufficient disclosure of the nature of Dr. Herzog's testimony. Defendant has demonstrated no basis to exclude Dr. Herzog's testimony.

The Court will reluctantly extend the pre-trial deadlines. Counsel must work together to find a date and time to depose Dr. Herzog. By July 1, 2014, both Attorney Flynn and Attorney Wright must notify the Court in writing of the date of Dr. Herzog's deposition. The date of Dr. Herzog's deposition must occur by August 1, 2014. Defendant must disclose any experts by July 15, 2014. If he wishes, Plaintiff must depose Defendant's expert by August 15, 2014. The Court extends all other discovery-related deadlines until August 15, 2014. This case must be ready for trial by September 1, 2014. Any further disputes that could be resolved under V.R.C.P. 26(h) may result in sanctions against counsel.

## Order

      The Court **DENIES** Defendant's renewed motion in limine to exclude Dr. Herzog's testimony. Provided, however, that the Court extends the deadline for completion of discovery until August 15, 2014. By July 1, 2014, counsel must set a date to depose Dr. Herzog and notify the Court of that date. The parties must depose Dr. Herzog by August 1, 2014. Defendant must disclose any experts by July 15, 2014. Plaintiff must depose Defendant's expert by August 15, 2014. The case must be ready for trial by September 1, 2014.

So ordered.

Electronically signed on June 23, 2014 at 04:46 PM pursuant to V.R.E.F. 7(d).

_____
John P. Wesley
Superior Court Judge

Notifications:
Ronald F. Wright (ERN 5341), Attorney for Plaintiff Henry F. Hart
Susan J. Flynn (ERN 3111), Attorney for Defendant Progressive Northern Ins. Co.